# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DARREN WYSS, | ) |
| Plaintiff, | ) |
| | ) No. 13 C 05135 |
| v. | ) |
| | ) Judge John J. Tharp, Jr. |
| COMPACT INDUSTRIES, INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Darren Wyss filed this action for discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2, against his former employer, Compact Industries, Inc. ("Compact"). Wyss, a male, claims that Compact discriminated against him on the basis of his gender. Before the Court now is Compact's Fed. R. Civ. P. 12(b)(6) motion to dismiss the complaint for failure to state a claim. For the following reasons, that motion is denied.

## BACKGROUND

In reviewing a motion to dismiss, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Navarro v. Neal*, 716 F.3d 425, 429 (7th Cir. 2013). According to the Complaint, Wyss was employed at Compact from November 2010 to September 2012. Throughout this period, Wyss was supervised by Tracey Brown, a female principal at Compact. Tracey's brother, Michael Brown, was also a principal at Compact during this period. Wyss states that he held a "supervisory position" at Compact in September 2012. He claims, however, that he was demoted from that position and replaced by a female after an incident involving two other employees, one male and one female, "in which the female employee was supposedly allowed to work in dangerous conditions." Wyss does not

1

describe the incident in detail, but alleges that afterward, he and the other male employee were demoted or disciplined while the female employee was not. Shortly after his demotion, Wyss was terminated. He contends that he was demoted and terminated because of his gender. In support of this theory, he quotes a September 21, 2012, email in which Michael wrote to his sister, "You demoted Darren without telling me? . . . Darren is a good worker, too bad he's male."

Wyss filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 26, 2012, and the EEOC issued a right-to-sue letter on April 8, 2013. Wyss then filed this case against Compact in the Circuit Court of Kane County, Illinois. In his state court complaint, Wyss asserts a sex discrimination claim, citing Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, as the basis of the claim. Compact timely removed the case on the basis of this Court's federal question jurisdiction over the Title VII claim. 28 U.S.C. §§ 1331, 1441(a). Now before the Court is Compact's motion to dismiss.

## DISCUSSION

A Rule 12(b)(6) motion to dismiss challenges the sufficiency of a complaint. *Hallinan v. Fraternal Order of Police Chicago Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009). To survive such a motion, a complaint taken as a whole must set forth enough factual detail to give the defendant fair notice of the claims and the grounds upon which they rest, and the factual allegations in the complaint must add up to a claim for relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678–79 (2009); *Bell Atl. v. Twombly,* 550 U.S. 544, 555–57, 570 (2007); *Engel v. Buchan,* 710 F.3d 698, 709 (7th Cir. 2013). Determining whether a complaint states a plausible claim is a "context-specific" task that requires courts to draw on their

"experience and common sense." *Iqbal*, 556 U.S. at 679; *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). The level of factual detail required to allege a plausible claim varies in relation to the complexity of the claim, with employment discrimination claims falling toward the simple end of the spectrum. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 404–05 (7th Cir. 2010); *Tamayo*, 526 F.3d at 1083; *Levin v. Madigan*, 697 F. Supp. 2d 958, 966 (N.D. Ill. 2010). "[T]o prevent dismissal under Rule 12(b)(6), a complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of [the plaintiff's] sex." *Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1028 (7th Cir. 2013) (quoting *Tamayo,* 526 F.3d at 1084).

A plaintiff may eventually prove an employment discrimination claim by the direct or indirect methods of proof. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973); *Winsley v. Cook Cnty.*, 563 F.3d 598, 604 (7th Cir. 2009). As the defendant intimates in its brief, in reverse discrimination cases, this can involve a showing of background circumstances that demonstrate that an employer has a reason or inclination to discriminate or that evidence indicates something "fishy" about the facts of a case. *See Phelan v. City of Chicago*, 347 F.3d 679, 684 (7th Cir. 2003). But, in the context of employment discrimination claims, the evidentiary burden a Title VII plaintiff must *eventually* meet to prevail differs from the pleading standards for a motion to dismiss. *Luevano*, 722 F.3d at 1028 (citing *McDonnell Douglas Corp.,* 411 U.S. 792; *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511 (2002)). Under the latter, Wyss has alleged enough to raise his right to relief above a speculative level. *See Tamayo*, 526 F.3d at 1084.

According to the Complaint, Wyss was both demoted and terminated in 2012 on the basis of his sex "and for no other legitimate basis." Compl. ¶¶ 9, 11, Dkt. 1-1. Wyss identifies his supervisor, Tracey Brown, as the decisionmaker responsible for these adverse employment actions. *Id.* Wyss alleges facts that, if true, allow the Court to infer that his sex was a motivating factor in these actions against him. Specifically, the "incident" he describes, while explained in frustratingly sparse detail, appears to have resulted in a demotion for him and another male employee, while not resulting in the same for the female employee involved. *Id.* ¶ 9, 11. Finally, Wyss excerpts an email that suggests that a discriminatory motive contributed to his demotion and termination. *Id.* ¶ 12. According to the Complaint, Michael Brown (a Compact supervisor), emailed his sister Tracey (another supervisor and the alleged decisionmaker), stating, "Darren is a good worker. Too bad he's male." Compl. ¶ 12, Dkt. 1-1. It is reasonable to infer that Michael Brown knew of his sister's motive for demoting Wyss and was referring to that motive in this email. This plausibly suggests that the decision to demote Wyss, who was otherwise a "good worker," was motivated by Tracey's intent to discriminate against men.

Compact challenges the import of the email on two grounds. Compact first points out that it is addressed to an email address that appears to belong to the plaintiff, perhaps suggesting without stating that it is not what the plaintiff purports it to be. Mem. 5, Dkt. 6. Compact also argues that the email merely contains the speculative allegations of a non-decisionmaker and therefore does not support an inference of discrimination by Tracey Brown. Mem. 6, Dkt. 6; Rep. 3, Dkt. 11. At this stage of the litigation, these arguments miss the mark. Wyss describes the email as one from Michael Brown to Tracey Brown dated September 21, 2012. Compl. ¶ 12,

Dkt. 1-1. Compact's suspicions about the email are not well-founded at this point,[1] but in any event the Court must take the facts alleged as true for the purposes of this motion. *See Navarro*, 716 F.3d at 429. Whether the email's author was a decisionmaker may matter in later determinations of its admissibility, *see Schreiner v. Caterpillar, Inc.*, 250 F.3d 1096, 1099 (7th Cir. 2001), but such arguments are premature in a motion to dismiss. The question before the Court is not whether Wyss has identified the evidence with which he may ultimately prove his case at trial. It is whether the Complaint, if true, states a claim that would entitle him to relief.

Compact also argues that Wyss has pleaded himself out of court by providing a lawful explanation for his demotion and termination in paragraph nine of the Complaint. *See* Mem. 4–5, Dkt. 6. Compact contends that Tracey Brown's decision to demote Wyss without similarly disciplining the female employee bears no suggestion of intent to discriminate because Brown was a supervisor and the female employee was not. Mem. 6, Dkt. 6; Rep. 2, Dkt. 11. Compact argues that this decision supports only the inference that Wyss was demoted for legitimate, non-discriminatory reasons: as a supervisor he should not have permitted the female employee to work in the dangerous conditions. While the allegations of paragraph 9 certainly permit an inference that it was Wyss's status as a supervisor, rather than his gender, that accounted for the disciplinary action and termination, it does not, as Compact argues, make an inference of discriminatory intent inherently implausible in view of the specific allegations that Tracey Brown demoted and replaced Wyss based on his gender and evidence alleged that, taken as true, would corroborate the perception of Brown's brother and co-principal, who apparently attributed her action to discriminatory animus. To be sure, the complaint provides very little support for the

---

[1] It is conceivable, for example, that Tracey Brown's brother, who apparently held Wyss in high regard, forwarded to Wyss a copy of, or the text of, his email to his sister.

discrimination claim, but even after *Twombley* and *Iqbal* the Seventh Circuit has said that plaintiffs in employment discrimination claims do not have to provide very much support for their conclusory statements regarding discriminatory animus. Compact may ultimately prove that it demoted and terminated Wyss for legitimate, nondiscriminatory reasons, or Wyss may fail to marshal proof of discriminatory animus. But for now, Wyss offers the basis for the alleged discrimination (his sex), the identity of the alleged discriminatory decisionmaker (Tracey Brown), the time period in which the alleged adverse employment actions took place, and facts that suggest that his sex contributed to his demotion and termination. *See Tamayo*, 526 F.3d at 1086–87. This is sufficient to survive a Rule 12(b)(6) motion to dismiss, consequently Compact's motion is denied.

Date: March 12, 2014

John J. Tharp, Jr.
United States District Judge